UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**CLIFFORD GODWIN, JUSTIN CARTER,
BRIAN CRUSE, KEVIN GRINSTEAD,
DOUG JENKINS, and RONALD PATRICK,**

    Plaintiff,

**v.**                                          CASE NO. 1:22-CV-00319

**HILL-ROM, INC.,**

    Defendant.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiffs, CLIFFORD GODWIN, JUSTIN CARTER, BRIAN CRUSE, KEVIN GRINSTEAD, DOUG JENKINS, RONALD PATRICK (collectively as "Plaintiffs"), hereby sues Defendant, HILL-ROM, INC., (hereinafter "Defendant") and alleges:

**NATURE OF THE ACTION**

1. This is an action brought under Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624.

2. Plaintiffs' claims for relief are also predicated upon the subject matter construed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101.

3. The Court has concurrent and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**PARTIES**

4. At all times relevant to this action Plaintiff, CLIFFORD GODWIN (hereinafter "Godwin" or collectively as "Plaintiffs") is, and at all relevant times herein, an adult male, residing in Duval County, Florida and working in Franklin County, Indiana.

1

5. At all times relevant to this action Plaintiff, JUSTIN CARTER (hereinafter "Carter" or collectively as "Plaintiffs") is, and at all relevant times herein, an adult male, residing in Rockingham County, North Carolina and working in Franklin County, Indiana.

6. At all times relevant to this action Plaintiff, BRIAN CRUSE (hereinafter "Cruse" or collectively as "Plaintiffs") is, and at all relevant times herein, an adult male, residing in Taylor County, Florida and working in Franklin County, Indiana.

7. At all times relevant to this action Plaintiff, KEVIN GRINSTEAD (hereinafter "Grinstead" or collectively as "Plaintiffs") is, and at all relevant times herein, an adult male, residing in Bibb County, Georgia and working in Franklin County, Indiana.

8. At all relevant to this action Plaintiff, DOUG JENKINS (hereinafter "Jenkins" or collectively as "Plaintiffs") is, and at all relevant times herein, an adult male, residing in Walton County, Georgia and working in Franklin County, Indiana.

9. At all relevant o this action Plaintiff, RONALD PATRICK (hereinafter "Patrick" or collectively as "Plaintiffs") is, and at all relevant times herein, an adult male, residing in Hillsborough County, Florida and working in Franklin County, Indiana.

10. Defendant HILL-ROM, INC. (hereinafter "Defendant") is, and at all relevant times mentioned herein, is authorized to conduct and manage business within Franklin County, Indiana. Defendant has a mailing address which is located in the City of Batesville, in the County of Franklin in the state of Indiana.

11. Defendant is a resident of Franklin County, Indiana, and/or conducting business in said County and State so jurisdiction and venue are appropriate.

**FMLA / ADA STATUTORY PREREQUISITES**

12. Plaintiffs are "persons" who suffered discrimination based on their serious

medical condition which is a disability. As such they are members of a class of individuals protected by FMLA, and the ADA.

13. Plaintiffs were qualified for their position of employment.

14. Plaintiffs suffered an adverse effect upon their employment by having their reasonable accommodation requests denied and ultimately were terminated by Defendant with the motivating or determinative factor used by Defendant in the decision making process being Plaintiffs' need for accommodation for the related serious medical condition(s).

15. Plaintiffs suffered from differential application of work or disciplinary rules because Defendant treated Plaintiffs differently on the basis of Plaintiffs' protected class.

16. The Defendant meets the statutory criteria for coverage as an "employer" under FMLA and the ADA.

17. Plaintiffs meet the statutory criteria for coverage as an "employee" under FMLA, and the ADA.

18. Plaintiffs filed their Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 9, 2021 which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiffs were issued a right-to-sue letter by the EEOC dated November 15, 2021, which was received by Plaintiffs on November 17, 2021. Therefore this complaint is being filed within 90 days of receiving the right to sue letter.

19. Accordingly Plaintiffs have completed all other FMLA and ADA requirements and all other prerequisites prior to bringing this lawsuit.

20. Plaintiffs have satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

21. Plaintiffs worked for Defendant Hill-Rom until their unlawful termination on or about September 14, 2020.

22. Plaintiffs were dedicated to their trade and combined had loyally worked for Defendants for over 50 years.

23. On or around September 8, 2020, Plaintiff Godwin was leading his crew which was working in Macon, GA. After work that evening, some Plaintiffs began to feel ill.

24. Plaintiff Godwin reported the illness to Aaron Kiffer as possible COVID-19 symptoms. Each of the Plaintiffs had to quarantine for 10 days. No one was told about qualifying for FMLA or leave under the FFCRA, although Plaintiff Godwin, as the crew leader, inquired about those protections for he and each Plaintiff under his supervisory authority. Each were ultimately denied their requisite leave.

25. On or around September 14, 2020, Godwin received a call from his supervisor Mr. Kiffer, the Area VP, Rob Zewe, and Kelly Sherman of HR. Godwin was told that he and the other Plaintiffs were all being terminated for "not following procedures in place for wearing masks." Godwin objected that this was not a policy—Plaintiffs were retaliated against for their reasonable accommodation requests.

26. The entire company received reminders but mask violations were not specifically articulated to Plaintiffs. In fact, at the time of the Plaintiffs' termination, Hill-Rom did not have any published policy nor had it engaged in specific training regarding an alleged mask mandate.

27. Defendant's violations of the law cited herein were willful or in reckless disregard of the requirements articulated under the law cited herein.

28. Plaintiffs have retained the undersigned attorneys to prosecute this action and owe

a fee to the same. Defendant should be required to pay the attorney's fees of Plaintiff as well as costs as it relates to the violations of law alleged herein.

**COUNT I**
**INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

29. Paragraphs 1 through 28 are re-alleged and are incorporated herein by reference.

30. This is an action against Defendant for interfering with Plaintiffs' protected leave under the FMLA and/or for harassing Plaintiffs while on protected medical leave. This is an interference claim.

31. After Plaintiffs requested leave for their serious medical condition, Defendants terminated Plaintiffs for using leave.

32. Plaintiffs were denied rights and benefits conferred by the FMLA.

33. Defendant's violations of the FMLA were willful.

34. As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiffs have sustained mental, nervous, and emotional injury. Plaintiffs have incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiffs are entitled to liquidated damages and injunctive relief including reinstatement to the former position within Defendant with the requisite training.

**COUNT II**
**RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

35. Paragraphs 1 through 28 are re-alleged and are incorporated herein by reference.

36. This is an action against Defendant for harassing Plaintiffs due to using FMLA leave time, and for retaliating against Plaintiffs for requesting and/or taking time off that was

authorized by and protected under the FMLA. This is a retaliation claim.

37. After Plaintiffs requested leave for their medical condition, Defendants harassed Plaintiffs and took adverse personnel actions against them for using leave.

38. Plaintiffs were denied rights and benefits conferred by the FMLA and were retaliated against after requesting and/or taking protected leave.

39. Defendant's violations of the FMLA were willful.

40. As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiffs have sustained mental, nervous, and emotional injury. Plaintiffs have incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages because of the retaliation of Defendants. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiffs are entitled to liquidated damages and injunctive relief including reinstatement to the former position within Defendant with the requisite training.

## COUNT II
## DISABILITY/PERCEIVED DISABILITY DISCRIMINATION UNDER THE ADAAA

41. Paragraphs 1 through 28 are re-alleged and are incorporated herein by reference.

42. Plaintiffs were qualified individuals with a disability recognized under the ADAAA.

43. Plaintiffs were disabled/perceived as disabled by Defendant.

44. Defendant was Plaintiffs' employer as defined by the ADAAA.

45. Defendant discriminated against Plaintiffs because of an actual or perceived disability in violation of the ADAAA.

46. Defendant discriminated against Plaintiffs because of their exercised rights under the ADAAA in notifying Defendant of the need for a work accommodation related to a serious medical condition.

47. Defendant had actual or constructive knowledge of the discriminatory conduct.

48. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiffs' employment.

49. Defendant's conduct violated Plaintiffs' right to be free from discrimination as guaranteed by the ADAAA.

50. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

51. Defendant's violations of the ADAAA were willful or in reckless disregard of the tenets of the same.

## COUNT III
## RETALIATION UNDER THE ADAAA

52. Paragraphs 1 through 28 are re-alleged and are incorporated herein by reference.

53. Plaintiffs were qualified individuals with a disability recognized under the ADAAA.

54. Plaintiffs were perceived as disabled by Defendant.

55. Defendant was Plaintiffs' employer as defined by the ADAAA.

56. Defendant retaliated against Plaintiffs because of the request for a reasonable accommodation in violation of the ADAAA.

57. Defendant retaliated against Plaintiffs because each exercised their rights under the ADAAA by notifying Defendants of their need for a work accommodation related to their disability.

58. Defendant had actual or constructive knowledge of the retaliatory conduct.

59. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

60. Defendant's conduct violated Plaintiffs' right to be free from retaliation as guaranteed by the ADAAA.

61. Plaintiffs have no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

62. Defendant's violations of the ADAAA were willful or in reckless disregard of the tenets of the same.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiffs;

(c) enter judgment against Defendants and for Plaintiffs awarding damages to Plaintiff from Defendants to include compensatory for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees, interest and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 11th day of February, 2022.

        Respectfully submitted,

        *s/ J. Corey Asay*
        J. Corey Asay (IN Bar. No. 28453-49)
        Morgan & Morgan
        333 W. Vine St. Suite 1200
        Lexington, KY 40507
        Tel: (859) 286-8368
        Fax: (859) 286-8384
        Email: casay@forthepeople.com

        Thomas L. Dickens, III, Esq. (*pro hac vice* forthcoming)
        Florida Bar No.: 063867
        Morgan & Morgan, P.A.
        20 N. Orange Avenue, 14th Floor
        Orlando, FL 32802-4979
        Tel:  (407) 418-2042
        Fax: (407) 245-3354
        tdickens@forthepeople.com;
        mfermaint@forthepeople.com

        **ATTORNEYS FOR PLAINTIFFS**